## R. M. KNOX *et al.* v. PETER GREGORIOUS.

VERDICT, *Good against John Doe and Others.* A verdict of a jury entitled in the name of the plaintiff against one of the defendants by name, and designating numerous other defendants as "*et al.*," is good against all those shown by the record to be the co-defendants of the one specifically named in the verdict.

*Error from Saline District Court.*

THE case is stated in the opinion.

*Mohler & Milliken,* for plaintiffs in error.

*Lovitt & Norris,* for defendant in error.

Opinion by SIMPSON, C.: The plaintiff below declared on a written instrument, which reads as follows: "To whom it may concern. . . We, the undersigned Assaria Mill finance committee, agree to pay the sum of two thousand dollars, less the amount of work done and stone hauled, to Peter Gregorious, on completion of custom flouring mill as per subscription to the mill, to be built in Assaria." Signed by the plaintiffs in error, and dated November 10, 1885.

The subscription referred to is in these words:

"We, the undersigned citizens of Assaria and vicinity, each and separately agree to pay the sum set opposite our names respectively, for the purpose of aiding in building a custom flouring mill in the town of Assaria, county of Saline, state of Kansas. Said mill to be constructed of wood, on a stone basement two full stories high, with knee-pitch roof to make third story, beside basement below. Said mill to be of a capacity of not less than fifty barrels of flour in twenty-four hours. The machinery to consist of not less than two full sets of rollers, for grinding two grades of wheat, and one stone burr or roller to grind corn, and one stone burr or roller to grind chop feed. The mill to be complete with the latest styles of machinery. Machinery to be run by boiler and engine of sufficient capacity to do the work well.

"It is further agreed that any subscriber can pay all or any part of his subscription, in hauling stone, or doing other

manual labor, at a fair and reasonable compensation per day. Said mill to be completed and in running order on or before the 1st day of July, 1886, and giving good satisfaction before the means here below subscribed shall be paid. Said means to be paid on completion of the mill, if done before July 1, 1886. If the above obligation be not complied with, then this subscription will be without force and effect."

The plaintiff below alleged that he had built the mill in accordance with the terms and conditions of the subscription lists. The defendants below filed an answer setting up the following defenses:

"2. That the paper writing upon which the plaintiff bases his cause of action was signed by the defendants with the agreement that it should not be binding on them, or be delivered, until it was signed by one O. H. Thorstenburg; that the plaintiff knew of this agreement; that it was not signed by Thorstenburg.

"3. It was never delivered by anyone having authority to the plaintiff.

"4. The plaintiff obtained possession of it by false pretenses.

"5. The plaintiff did not build a mill of the size and dimensions and with the capacity specified in the contract."

The second defense alleged in the answer was sworn to. A reply was filed, and the case was tried by a jury at the May term, 1887. The trial resulted in a verdict and judgment for the plaintiff below. The defendants are here as plaintiffs in error, alleging various errors.

It is claimed by the plaintiffs in error that the mill built was not of the dimensions specified in the subscription paper; that there were not two full sets of rollers for grinding two grades of wheat; that there was not one stone burr to grind corn, and not one stone burr to grind chop feed; and that the mill was not furnished with the latest styles of machinery. Now every one of these embodies questions of fact that are properly determinable by a jury. Take the first complaint, with reference to the size of the mill, and there was evidence introduced tending very strongly to satisfy the ordinary mind

that, before the structure was commenced, a building fifty feet long by thirty feet in width was thought better adapted to the machinery than one only forty-four feet long by thirty-six feet in width, and that pencil-marks were made across the dimensions as specified in the subscription, and a general understanding had that the building was to be fifty by thirty feet. The evidence is at least sufficient to sustain the necessary finding of the jury included in the general verdict, that the dimensions were as agreed upon. And so with reference to every other complaint made by the plaintiffs in error. There was more or less conflict of evidence on the disputed points, but enough in every instance to sustain the verdict.

The mill was built, and operated on the day fixed in the contract for its completion. During its construction these plaintiffs in error, who lived in its immediate vicinity, made no criticisms, and offered no objections either to the building or machinery. We have no doubt from this record but that the terms and conditions of the contract have been fairly and substantially complied with in the erection of the building and in its equipment, and that the defenses made were the result of an effort to defeat payment, rather than an honest belief that the mill does not substantially meet every requirement of those interested in such a local improvement. There is not a particle of evidence in this record to show that any objection was made either to the building, machinery, or the daily operation of the mill, until after payment was demanded.

The verdict of the jury as returned into court was entitled in the name of the plaintiff below against R. M. Knox *et al.*, and it is now gravely insisted that this is a verdict against Knox alone, the contention of counsel being that each one of the defendants must be specifically designated by name, as in the title of the cause, and that they could not be included in the general designation "and others." Until some compulsory reason is given for such a departure from the immemorial usage by all courts in using the contraction "*et al.*" in cases in which there are several parties plaintiff or defendant, we will contentedly plod along in the well-beaten path, satisfied that

such a verdict is good against all those that the record shows
are defendants in the action.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.